## G. W. HERD, ET AL v. CLAY COUNTY COURT.

**Sheriffs and Constables—Liability of Surety—Acceptance of List of Tax-Payers—Waiver.**

The acceptance of the list of tax-payers, by the sheriff, though not delivered in ten days after execution of his bond, held, to be a waiver of the time of delivery.

**Pleading—Action Against Sureties of Sheriff for Settlement.**

Where a petition alleges the list of persons chargeable with the payment of the county levy, was placed in a sheriff's hands, this can only be negatived by way of defense to the action. It is presumed the clerk did his duty.

**Same.**

It was not necessary to allege in so many words that the levies were distrainable, nor that the sheriff had collected them.

APPEAL FROM CLAY CIRCUIT COURT.

September 29, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by the Clay County Court against Herd the sheriff, and collector of the county levies for said county for the year 1857, and his sureties, for failing to settle his accounts, and to pay over the money in his hands belonging to the county.

In the court below no defense was made to the action. A reference was made to a commissioner to ascertain the amount in the hands of the collector and to report the same to the court. He reports the amount found due after deducting the list of delinquents, and the collector's commissions; his report was confirmed, and judgment rendered accordingly—from which the defendants below have appealed; and it is insisted, first, that the petition is fatally defective in not alleging that the clerk of the county court did within ten days after the sheriff as collector had executed the bond required by law deliver to him a list of the persons chargeable with the payment of the county levy. It is alleged that the list of all persons chargeable with the payment of county levy for Clay county for the year 1857 was placed in the said sheriff's hands, giving the number and amount with

which he was charged, and of course the sheriff received said list. The legal presumption is that the clerk did his duty, and if he did not, it should have been negatived by way of defense. And, besides, the acceptance of the list was a waiver of the time of the delivery, even if they were not delivered in ten days after the execution of the bond.

Nor was it necessary to allege in so many words that the levies were distrainable, nor that he had collected them. All the facts are alleged to show that they were distrainable which is more certain in pleading than to state conclusions. And that being the case it was the duty of the sheriff to collect the levies and pay them over, and for such as could not be collected, present his list of delinquents.

The time when the commissioner was appointed by the county court to settle with the sheriff was not material; it is alleged that a commissioner was appointed to settle with the sheriff for the county levy for the year 1857, and he often called on him to make said settlement but he had failed to make said settlement, and also had failed and refused to pay the residue of the levies to the county treasurer for the year 1857, after deducting the amount due to the county creditors.

The commissioner states in his report that he notified appellant of the time and place of his sitting.

Perceiving, therefore, no available error for reversal, the judgment must be *affirmed.*

*Turner,* for appellants.

*James,* for appellee.